UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80578-CV-MIDDLEBROOKS

AUTUMN METLER TONNESSEN,

    Plaintiff,

vs.

MARTIN O'MALLEY, Commissioner
of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment (DE 17), filed August 30, 2024, and Defendant's Cross-Motion for Summary Judgment (DE 19), filed September 27, 2024. The Motions were referred to Magistrate Judge Bruce E. Reinhart. (DE 2). On December 18, 2024, Judge Reinhart entered a Report and Recommendation ("Report"), recommending that Plaintiff's Motion for Summary Judgment be denied, and Defendant's Motion for Summary Judgment be granted. (DE 21). No party has filed an objection.

I have reviewed the Report, the record, and the relevant caselaw. Review of the factual findings in a disability case is limited to the question of whether substantial evidence exists to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997). If the ALJ's decision is supported by substantial competent evidence from the record as a whole, a court will not disturb that decision. Relevantly here, the legal standards of due process in social security cases also demand that "there must be a showing of prejudice before" I may find

"that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Tackett v. Comm'r of Soc. Sec.*, No. 21-11852, 2022 WL 2314095, at *4 (11th Cir. June 28, 2022) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)).

With these principles in mind, I concur fully with Judge Reinhart's findings as laid out in the Report. Specifically, I agree that Ms. Tonnessen knowingly waived her right to representation, as the ALJ specifically advised her of the right to counsel, and her father stated he had tried to find an attorney to represent her. I further agree Ms. Tonnessen has not shown how she was prejudiced by the absence of counsel at her hearing before the ALJ. That Ms. Tonnessen's father represented her does not clearly establish prejudice, as it is unclear whether any meaningful difference in outcome would have occurred had he served only as a witness. Finally, the ALJ's denial of Ms. Tonnessen's chance to cross-examine a vocational expert at the hearing did not constitute a violation of her due process rights, as Ms. Tonnessen has not established any resulting prejudice. As the record reflects substantial evidence to sustain the ALJ's determination, and the alleged due process violations are without merit, Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1. The Report and Recommendation (DE 21) is **ADOPTED.**
2. Plaintiff's Motion for Summary Judgment (DE 17) is **DENIED**.
3. Defendant's Motion for Summary Judgment (DE 19) is **GRANTED.**
4. Final Judgment will be issued by separate Order.

**SIGNED** in West Palm Beach, Florida, this ____ day of January, 2025.

Donald M. Middlebrooks
United States District Judge

2